56 CCPA

The **BAYLIS BROTHERS, INC.,**
Appellant,

v.

The **UNITED STATES,** Appellee.
Customs Appeal No. 5320.

United States Court of Customs and Patent Appeals.
July 10, 1969.

Sharretts, Paley, Carter & Blauvelt, New York City, for appellant; Gail T. Cumins, New York City, of counsel.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Velta A. Melnbrencis, New York City, for the United States.

Before RICH, Acting Chief Judge, KIRKPATRICK, Judge, sitting by designation, ALMOND and BALDWIN, Judges.

BALDWIN, Judge.

This is an appeal by The Baylis Brothers, Inc., from a decision and judgment of the United States Customs Court, Second Division, 60 Cust.Ct. 336, C.D. 3383, overruling the importer's protest against the collector's classification of dress fronts covered by protest 64/17889 classifying them as ornamented wearing apparel, unfinished, in chief value of cotton, under paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108, and assessed with duty at the rate of 42½% ad valorem. Also, on appeal is a judgment by that court overruling protest 65/4126 against the collector's classification of the imported merchandise, smocked dress fronts classified as wearing apparel in part of smocking, in chief value of cotton, under item 382.03 of the Tariff Schedules of the United States, and assessed with duty at the rate of 42½% ad valorem.

Appellant contends that the merchandise covered by protest 64/17889 is properly dutiable as articles of wearing apparel, manufactured wholly or part, in chief value of cotton, under paragraph 919 of the Tariff Act of 1930, as modified by T.D. 51802, and assessable with duty at the rate of 20% ad valorem. Appellant contends that the merchandise covered by protest 65/4126 is properly classified as women's, girls', or infants' wearing apparel, not ornamented, in chief of cotton, not specially provided for, under item 382.33 of the Tariff Schedules of the United States, and assessable with duty at the rate of 20% ad valorem.

The merchandise involved in the protests before the Court consists of smocked dress fronts imported from Barbados, British West Indies in the years 1963 and 1964. The components of the fronts, consisting of fabric and thread, are of American origin. The fabric pieces, along with the balance of the dresses of which they are parts, are designed and cut at the Baylis plant in Cincinnati, Ohio. After cutting, the front portions of the dresses are stencilled in Cincinnati with a series of dots, each dot indicating a stitch, and are shipped, together with sewing thread, to Barbados for smocking. In smocking, the fabric is shirred or crimped by stitching thus reducing the fronts to the exact sizes required for the dresses of which they are parts.

We agree with the court below that the definition of "ornamented" under the provisions of the Tariff Act of 1930 makes it apparent that the only portion thereof applicable is that covering embroidery, and it is established that the operative feature of embroidery, for tariff purposes, is the ornamental characteristic of the stitching. See Summary of Tariff Information, 1929, at page 2027; Marshall Field & Co. v. United States, 19 CCPA 366, T.D. 45509 (1932). To embroider an object means to ornament it with needlework, Webster's Third New International Dictionary, 1966. Stitching is not embroidery in tariff terminology unless it is ornamental. United States v. Florea & Co., Inc., 25 CCPA 292, T.D. 49396 (1938).

The appellant contends that the lower court erred in failing to look to the function of the stitching and concludes that the record and exhibits support the conclusion that the primary function of the stitching is of a utilitarian nature. We do not agree. We feel that the exhibits demonstrate that the stitching is *primarily ornamental*, though it may serve an incidental useful func-

tion, such as the alleged reduction in size or flexibility to allow the finished dresses to accommodate little girls of various dimensions.

We agree with the parties and the court below that "embroidery" is the term at issue. Therefore, we think the Customs Court was correct in holding that:

> the definition of the term "embroidery," when used in the tariff acts, ordinarily requires that for a thing to be embroidered, there must be an ornamental, superimposed stitching which is the result of needlework.

We further agree that the merchandise is embroidered, hence ornamented.

The judgment of the Customs Court is affirmed.

Affirmed.

RICH, J., concurs in the result.