**EXCELSIOR IMPORT ASSOCIATES, INC., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 78-3, C.A.D. 1212.**

United States Court of Customs and Patent Appeals.

Oct. 12, 1978.

---

Shaw & Stedina, New York City, attorneys of record, for appellant; Charles P. Deem, New York City, of counsel.

Barbara Allen Babcock, Asst. Atty. Gen., David M. Cohen, Chief, Customs Section, Laura D. Millman, Washington, D. C., for the United States.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and FORD,* Judge.

PER CURIAM.

Appeal from the judgment of the United States Customs Court, 79 Cust.Ct. 144, C.D. 4726, 444 F.Supp. 780 (1977). The court held that plaintiff (appellant) had not overcome the presumption of correctness of the classification of the imported shirts under TSUS item 382.00, and had not proven its claimed classification (TSUS 382.33) correct.

Upon thorough consideration of the record, briefs, and oral arguments, we are in full agreement with the opinion of Judge Boe and adopt .it as our own adding only the following comments.

Appellant's contention, that error occurred in the characterization of its witness' testimony as "unsupported personal opinion," is without merit. Uncorroborated testimony of a witness may establish a *prima facie* case only when it is uncontradicted, or is entitled to greater weight than the evidence of the other party. *See United States v. Ignaz Strauss & Co., Inc.,* 37 CCPA 48, C.A.D. 418 (1949); *United States v. William Shaland,* 30 Cust.Ct. 575, A.R.D. 12 (1953).

Equally without merit are appellant's contentions that the government's witnesses were incompetent to testify respecting the Indian gauze shirt trade and that the government did not prove the shirts "ornamented articles" in an accepted trade sense. Government witness Sloan testified that consumers did not differentiate between Indian and American fabrics in deciding whether tucks enhanced a garment's appearance, and that most purchases are made on the basis of appearance alone, regardless of fabric. That uncontradicted testimony rendered irrelevant the status of the shirts in the Indian gauze shirt trade. The well-established rule respecting trade sense is that "before the plain understanding of a term can be deviated from it must be shown by plenary proof to have a different import in trade and commerce." *United States v. Wells, Fargo & Co.,* 1 Ct.Cust.Appls. 158, 161, T.D. 31211 (1911). The government relied on the plain understanding of the term "ornamented" articles. Thus, appellant had the burden of proving that "ornamented" textile articles, as used in the TSUS, had a commercial designation or trade sense different from the common meaning or plain understanding of that phrase. It introduced no evidence in support of that burden. Government witness testimony that the tucks were "ornamental" was therefore sufficient.

The judgment is *affirmed.*

---

* The Honorable Morgan Ford, Associate Judge, U. S. Customs Court, sitting by designation.