GENERRA SPORTSWEAR CO., PLAINTIFF v. UNITED STATES, DEFENDANT

Consolidated Court No. 85–5–00651

Before TSOUCALAS, *Judge.*

(Decided December 16, 1986)

*Rode & Qualey (Michael S. O'Rourke* and *Patrick D. Gill)* for the plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Civil Division, Commercial Litigation Branch, U.S. Department of Justice *(Florence M. Peterson)* for the defendant.

OPINION

TSOUCALAS, *Judge:* This action is before the Court for decision after trial held in Seattle, Washington on October 29, 1986. It concerns the proper classification of plaintiff's importations: men's woven trousers with matching fabric belt segments. The belt segments are connected to an elastic insert contained in the rear of the waistband of the trousers and can be joined in the front by means of a small, rectangular antique brass buckle. The belt segments are made of the same fabric, are of the same color, and are stitched in the same fashion as the garment. The belt segments and elastic are contained within a "tunnel waistband," which obscures most of the length of the belt segments from view. The ends of the segments emerge from the waistband at the front and are visible along with the belt buckle.

The merchandise was entered at the port of Seattle, and was liquidated under item 380.05, TSUS:

> Men's or boys' lace or net wearing apparel, whether or not ornamented, and other men's or boys' wearing apparel, ornamented:
>
> Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21% ad val.

Plaintiff, Generra Sportswear Co., contends that the proper tariff classification is item 380.51, TSUS:

> Other men's or boys' wearing apparel, not ornamented:
> Of vegetable fibers, except cotton:
> Not knit:
> Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.5% ad. val.

The question presented for resolution is whether the belt and buckle "ornament" the trousers within the meaning of Schedule 3, TSUS.

### DISCUSSION OF LAW

The case law draws a distinction between features which are ornamental and those which are functional. Functional textile materials are those that serve a significant purpose "with respect to the character, construction, or manufacture of an article." *United States* v. *Endicott Johnson Corp.,* 67 CCPA 47, 51, C.A.D. 1242, 617 F.2d 278, 282 (1980). On the other hand, if the material is primarily ornamental, then it would be classified as such, despite any incidental function it might serve. *Baylis Bros.* v. *United States,* 56 CCPA 115, 117, C.A.D. 964, 416 F.2d 1383, 1384–85 (1969). *See also Blairmoor Knitwear Corp.* v. *United States,* 60 Cust. Ct. 388, 393, C.D. 3396, 284 F. Supp. 315, 318 (1968) (Congress intended to label "ornamental," only those textile features which in fact serve to provide a decorative effect).

The Court of Customs & Patent Appeals has outlined a two-step test for evaluating features alleged to be ornamental:

> The first question is: Does the addition of [the belt and buckle] impart no more than an incidental, decorative effect? The next question is: Do the [belt and buckle] have a functionality which is primary to any ornamentative nature? An affirmative answer to either results in a nonornamental classification. If the former is resolved first, however, the latter may no longer be critical to a determination.

*Endicott Johnson,* 67 CCPA at 50, 617 F.2d at 281 (footnote omitted).

### The Belt is Not Decorative

It has been written that "[t]he word 'ornament' has customarily been construed in accordance with its dictionary meaning, to embrace that which enhances, embellishes, decorates, or adorns." *Blairmoor Knitwear Corp.* v. *United States,* 60 Cust. Ct. 388, 395, C.D. 3396, 284 F. Supp. 315, 320 (1968). The Court, in *Brittania Sportswear* v. *United States,* 5 CIT 212 (1983), holding that jeans were not ornamented by a single fabric loop located on their sides at the hip, discussed the concept as follows:

> The loops are small; they are made of the same material as the garment, and they are stitched in the same manner. They are plain, insignificant and unobtrusive in appearance. It is unreasonable to say that they adorn, beautify or enhance the appearance of the article in a manner that conforms to ordinary concepts of ornamentation.

*Brittania,* 5 CIT at 214.[1]

---

[1] *See also Endicott Johnson,* 67 CCPA at 47–48, 617 F.2d at 280 (two parallel rows of white stitching on white sneakers extending across the eyelets from the wearer's ankle to the midpoint of the arch area are only incidentally decorative); *Pistol Fashions, Ltd.* v. *United States,* 5 CIT 284, 286 (1983) (two small fabric loops on raincoat that are same color as garment are not ornamental). *Cf. Ferriswheel* v. *United States,* 68 CCPA 21, 24, C.A.D. 1260, 664 F.2d 865, 867 (1981) (jackets ornamented by braid sewn on cuffs and pocket flaps but not ornamented by epaulets); *Uniroyal, Inc.* v. *United States,* 9 CIT 187, Slip. Op. 85–43 (Apr. 5, 1985) (patch with product's brand name that is "colorful and attractive to the eye" and which is glued to sneaker upper is ornamental); *Colonial Corp.* v. *United States,* 62 Cust. Ct. 502, 507, C.D. 3815 (1969) (double row of reddish stitching on denim jeans is ornamental).

In the instant case, plaintiff's witness, Steven Miska, and defendant's witness, Selma Rosen, both testified that the belt was not ornamental. Mr. Miska, Chairman of the Board and Chief Executive Officer of plaintiff, as well as the designer of the subject trousers, testified that the belt was not decorative because it functions to reduce the waistband. Tr. at 12. Further, the belt and antique brass buckle were chosen to "blend into the pant design as much as possible." *Id.* Finally, he considered neither the buckle nor the belt to be "eye-catching or appealing." *Id.* at 13.

Ms. Rosen, Professor and Chairperson of the Department of Fashion Design at New York's Fashion Institute of Technology was not asked, on direct examination, whether the belts were ornamental. On cross-examination, however, she testified as follows:

Q. When you were looking at this garment, you have indicated that you felt that the belt was not functional. And did you also look at the garment and consider whether or not in a design sense you felt that the belt and the belt buckle were ornamental?

A. That's very difficult, because I don't consider that belt ornamental.

Mr. O'ROURKE: I have no further questions, your Honor.

Judge TSOUCALAS: Ms. Peterson, do you have any redirect?

REDIRECT EXAMINATION BY Ms. PETERSON

Q. Professor Rosen, you have just testified that you don't consider this belt ornamental. How are you defining ornamental?

A. Something that enhances the appearance of a garment through a decorative means.

Q. You subjectively do not believe this beautifies the garment?

A. That's right.

Q. Is this an addition to the basic garment?

A. It's an addition to the garment, but it doesn't enhance its appearance.

Q. Does it visually adorn the garment?

A. If you mean, is there something on the pant other than what would hold it up, yes.

Ms. PETERSON: I have no further questions.

Tr. at 39–40.

Defendant urges this Court to ignore part of the testimony of its only witness since it only "goes to her subjective assessment of the esthetic of the design." *Defendant's Post-Trial Brief* at 13.[2] The

---

[2] Defendant cites *Excelsior Import Assocs., Inc.* v. *United States,* 79 Cust. Ct. 144, C.D. 4726 (1977), *aff'd,* 66 CCPA 1, C.A.D. 1212, 583 F.2d 513 (1978) in which the court discounted testimony, offered by one witness for the party claiming the apparel

Court believes that the only conclusion consistent with the record before it is that the belt is not at all decorative. The belt is only partially visible, and is the same color and made of the same material as the garment. The buckle is small and is best described as plain. If this belt and buckle—which neither witness considered decorative—is more than incidentally decorative, then almost any addition to a garment would have to be termed decorative, simply by virtue of its presence on that garment.

Despite this, defendant contends that the Court must proceed to the second step of the analysis and consider the evidence pertaining to the functional capability of the belt and buckle. According to defendant:

> As every case shows however, the issues of decoration and functionality are inextricably intertwined.
>
> *     *     *     *     *     *     *
>
> Here, the issue of functionality must be reached. A belt either works or does not work. The simulated belt here has *no* functional capability. A feature with no functional capability cannot have an "incidental" decorative effect since the only purpose of the feature on the garment, as imported, is to embellish the garment, giving the appearance of a belt, which adorns by definition, on an otherwise unadorned trouser.

*Defendant's Post-Trial Brief* at 10–11.

Defendant's reasoning is contrary to the clear expression of the Court of Appeals. "If the importer, by a preponderance of the evidence, proves any ornamentive aspects to be incidental, added proof of functionality is not mandated." *Endicott Johnson,* 67 CCPA at 50, 617 F.2d at 281. *Accord Brittania,* 5 CIT at 215. Nonetheless, the Court need not belabor this point; even assuming, *arguendo,* that the belt and buckle are decorative, the importer has demonstrated the existence of a functional purpose for these features.

*The Belt and Buckle Are Primarily Functional*

In determining functionality, actual use of the functional feature by a majority of users is not required. *See Ferriswheel* v. *United States,* 68 CCPA 21, 25, C.A.D. 1260, 644 F.2d 865, 867 (1981) ("A belt does not lose its essentially functional character by being left unfastened"). The feature need not be necessary to the operation of the article. *Endicott Johnson,* 67 CCPA at 49, 617 F.2d at 280. Functionality is determined by assessing "functional capability, together with the appropriateness of that function to the garment." *Ferriswheel,* 68 CCPA at 25, 644 F.2d at 867.

The Court finds the testimony of plaintiff's witness persuasive on the issue of functionality.[3] Mr. Miska indicated that the belt seg-

---

was ornamented, that a "tuck," created by a row of stitching, was "poor ornamentation." *Excelsior,* 79 Cust. Ct. at 148. In the instant case, unlike *Excelsior,* defendant's lone witness testified that the feature in question was not ornamental.

[3] The question arose at trial whether the trousers submitted to the Court as Joint Exhibit 1 were representative of the entries in this case. Tr. at 14, 19–21. One of the two belt segments on these trousers is sewn to the waistband and therefore cannot be freely pulled. Plaintiff's witness testified that this was an inadvertent production error and that other trousers were not sewn in this fashion. *Id.* The Court considers only this sample which was submitted by plaintiff and which was exhibited at trial.

ments and buckle can function to reduce the waist dimension of the trousers. They were designed and can function as a secondary form of closure to supplement the elastic band which by itself, is not a stable method of closure. Tr. at 11. The testimony by defendant's witness that individuals might not be aware how the buckle functions or that the trousers could have been designed in other ways to better perform the intended function is irrelevant. The Court is not persuaded by Ms. Rosen's testimony that the waist dimension of these trousers could not be adjusted without severely distorting their fit. Tr. at 31–32. It is a canon of Customs jurisprudence that the sample is often a potent witness. *Marshall Field & Co.* v. *United States*, 45 CCPA 72, 81, C.A.D. 676 (1958); *United States* v. *May Dep't Stores Co.*, 16 Ct. Cust. App. 353, 356, T.D. 43090 (1928). It is clear from examination of the sample that the belt and buckle can be used as intended to adjust the waist dimension and to give the trousers a more snug fit at the waist area.[4]

## CONCLUSION

There is no evidence on the record to suggest that the subject merchandise is decorated by the belt or buckle. This alone is sufficient to compel classification of the merchandise as not ornamented. Additionally, plaintiff has demonstrated that the belt and buckle can serve a function appropriate to a pair of trousers, to wit: adjusting the garment to fit more snugly around the wearer's waist. The plaintiff has overcome the presumption of correctness attaching to Customs' classification. 28 U.S.C. § 2639(a)(1) (1982). Therefore, the goods must be reclassified as non-ornamented wearing apparel, pursuant to item 380.51, TSUS.

---

[4] Defendant's reliance on *Sportswear Int'l Ltd.* v. *United States*, 4 CIT 260 (1982), is misplaced. In that case, belt loops were found not to be capable of supporting a belt and the court ultimately concluded that they were ornamental. *Id.* at 262. It must be assumed, as the court in *Brittania* explains, that the belt loops were decorative if the decision in *Sportswear* is to be reconciled with the two-step analysis enunciated in *Endicott Johnson. See Brittania Sportswear*, 5 CIT at 215. The belt and buckle, in the instant case, are not decorative, and were intended to serve and do serve to adjust the fit of the trousers to the requirements of individual wearers.